## BURR v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 144 (4,523).

CUSTOMS DUTIES (§ 43*)—CLASSIFICATION—FLORAL WATERS—"WASTE."

Floral waters are dutiable as unenumerated manufactured articles, under Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), rather than as "waste," under section 1, Schedule N, par. 463, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 147; Dec. Dig. § 43.*

For other definitions, see Words and Phrases, vol. 8, p. 7408.]

---

Appeal from the Circuit Court of the United States for the Southern District of New York.

The case relates to importations by E. H. Burr at the port of New York. The Circuit Court affirmed, without written opinion, a decision by the Board of United States General Appraisers (G. A. 6,436, T. D. 27,600), which reads as follows:

McCLELLAND, General Appraiser. The merchandise to which these protests relate is invoiced as "rose water," "orange flower water," "eau de roses," and "water of roses." The appraiser returned the same as a "medicinal preparation," and duty was assessed thereon at the rate of 25 per cent. ad valorem, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631). Protestant makes various claims for duty other than that assessed, and among them that the merchandise is an unenumerated manufactured article, and therefore subject to duty at the rate of 20 per cent. ad valorem, under section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

From the record before us we are satisfied that the merchandise is similar to that which was the subject of Abstract 8,898 (T. D. 26,857), wherein it was held that the merchandise was liable to duty at the rate of 25 per cent. ad valorem under the provisions of paragraph 68. Said decision was appealed to the United States Circuit Court (Euler v. U. S. [No. 4,149] 147 Fed. 765, T. D. 27,428), and the decision of the board was reversed; it being held that the merchandise was an unenumerated manufactured article, and subject to duty at the rate of 20 per cent. ad valorem, under said section 6.

Following the ruling of the court, we sustain the claim for duty at the rate of 20 per cent. ad valorem, and the decision of the collector is reversed accordingly.

The importer, being dissatisfied with the aforesaid ruling of the board, contended that the merchandise in dispute should have been classified as "waste," under Schedule N, par. 463 of said act (30 Stat. 194 [U. S. Comp. St. 1901, p. 1679]). This contention was overruled by the Circuit Court, whereupon the importer appealed to the present court.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellant.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decision of Circuit Court affirmed.